**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEROLD FREEMAN, KAREN KUO, RAJVEER SACHDEV, PEIHU WANG, and ANDREW WOLFF, on their own behalf and on behalf of those similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>NEW YORK UNIVERSITY,<br><br>       Defendant. | Case No.: 1:21-cv-01029<br><br>**NOTICE OF REMOVAL**<br><br>[Removed from Supreme Court of the State of New York, County of New York, Index No. 160861/2020] |

**PLEASE TAKE NOTICE** that New York University ("NYU"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the above-captioned action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, County of New York (Index No. 160861/2020), where the action was originally filed and is currently pending.

NYU states the following in support of removal:

<u>PROCEDURAL BACKGROUND</u>

**A.**    <u>Overview of the Plaintiffs' Claims</u>

1.    On December 9, 2020, plaintiffs Jenold Freeman, Mu-I "Karen" Kuo,[1] Rajveer Sachdev, Peihu Wang, and Andrew Wolff (collectively, the "plaintiffs") filed a Summons with Complaint, captioned *Jerold Freeman, Karen Kuo, Rajveer Sachdev, Peihu Wang, and Andrew Wolff, on their own behalf, and on behalf of those similarly situated v. New York University,*

---

[1]    The Complaint refers to Jerold Freeman and Karen Kuo, but NYU's records indicate that the Complaint likely is erroneous and intended to refer to Jenold (not Jerold) Freeman and Mu-I "Karen" Kuo. NYU will use the correct name of the students as identified in NYU's records.

Index No. 160861/2020, in New York Supreme Court, County of New York (the "State Court Action").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.      The plaintiffs, who are or were graduate students enrolled in NYU's Leonard N. Stern School of Business's Executive Master of Business Administration ("EMBA") program either in New York or Washington, D.C., allege that they "lost the benefit of the education for which they paid, and/or the services [f]or which their fees were paid" when NYU transitioned all classes to remote instruction due to the Covid-19 pandemic.  (Ex. A, Compl., ¶ 1).  They contend that the "online learning options being offered to NYU students are subpar in practically every aspect" and "in no way the equivalent of the in-person education that Plaintiffs and the putative class members contracted and paid for" (*id.* at ¶ 5), and they therefore seek a pro-rata refund of their "tuition and/or fees for in-person educational services, food, room, board and housing." (*Id.* at ¶¶ 7, 31).  They allege three causes of action: (1) breach of contract, (2) unjust enrichment, and (3) conversion.

3.      The plaintiffs assert their claims on behalf of a putative class of "all people who were graduate students at the NYU Stern School of [B]usiness, EMBA Program, and paid NYU Spring and Summer Semester 2020 tuition and/or fees for in-person educational services, food, room, board and housing that NYU failed to provide, and whose tuition and fees have not been fully refunded."  (*Id.* ¶ 31).  They also seek to certify three subclasses, each consisting of putative class members in specific cohorts within the EMBA program.  (*Id.* ¶¶ 32-34).[2]

---

[2]      NYU relies upon the plaintiffs' allegations solely for purposes of assessing eligibility for removal based on Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), jurisdiction.  *Dunlop v. City of New York*, 2006 WL 2853972, at *3 (S.D.N.Y. Oct. 4, 2006) (citing *Wisconsin Dept. of Corrs. v. Schacht*, 524 U.S. 381, 390 (1998)) ("In determining whether a federal court has jurisdiction over a removed action, the court must look to the face of the complaint.").  NYU reserves all rights to challenge these allegations for all other purposes, including, but not limited to, denying that the putative classes are properly defined, that the plaintiffs have standing to assert claims on behalf of the alleged putative classes, and that the claims in this case are proper for class treatment.

**B.**   **NYU Has Not Been Served, Although It Has Repeatedly Agreed to Accept Service In Exchange for an Agreement on a Response Date.**

4.      NYU has not yet been properly served in the State Court Action, as detailed below.  While NYU has repeatedly indicated its willingness to reach an agreement whereby NYU would accept service by e-mail in exchange for a stipulated date for NYU to answer, move, or otherwise respond to the Complaint, the plaintiffs' counsel has refused to acknowledge the service requirements of the CPLR and, incredibly, has most recently tried to claim that he effected service via e-mail in reliance on a purported statement by a security officer that his process server apparently elicited after NYU's counsel had already made clear that, legally, e-mail service on NYU was not proper under the CPLR.

5.      On December 15, 2020, the Assistant Office Manager for counsel for the plaintiffs sent an e-mail to the general e-mail address for NYU's Office of General Counsel (ogcrecordsrequest@nyu.edu), attaching a copy of the Complaint and requesting that NYU "confirm receipt of the attached Summons & Complaint and that [NYU] will be accepting service for the same."  (*See* Declaration of Keara M. Gordon, dated February 4, 2021, at ¶ 2, attached as **Exhibit B**; *see also* Ex. 1 to Gordon Decl.).  NYU did not respond to the e-mail, nor did it agree to accept service of the summons and complaint.  (Gordon Decl., ¶ 2).

6.      The plaintiffs' counsel's Assistant Office Manager's December 15, 2020 e-mail to NYU did not properly effectuate service of process and did not trigger the thirty-day window for removal.  *See* N.Y. C.P.L.R. § 311; *TAGC Mgmt., LLC v. Lehman*, 842 F. Supp. 2d 575, 585 (S.D.N.Y. 2012) (under the CPLR, "service via email is improper" unless plaintiff first makes a showing that "other forms of service were impracticable"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-49 (1999) (faxed courtesy copy of complaint prior to formal service of process did not trigger removal period); *Maddaloni Jewelers, Inc. v. Rolex Watch*

3

*U.S.A., Inc.*, 2002 WL 31509881 (S.D.N.Y. Nov. 6, 2002) (e-mailed courtesy copy did not trigger time to remove).

7.    On January 4, 2021, the plaintiffs' counsel's Assistant Officer Manager again e-mailed ogcrecordsrequest@nyu.edu to follow up on the December 15 e-mail.  (Gordon Decl. Ex. 2).

8.    On January 5, 2021, NYU's undersigned counsel e-mailed the plaintiffs' counsel explaining that the plaintiffs' counsel's Assistant Officer Manager's prior e-mail did not properly effect service as required by N.Y. CPLR § 311 but stating that NYU would be willing to discuss accepting service in exchange for an agreement as to the date by which NYU would answer, move, or otherwise respond to the Complaint.  (Gordon Decl. Ex. 3).

9.    On January 7, 2021, the plaintiffs' counsel responded, stating they were willing to enter into such an agreement and requesting that NYU draft a formal stipulation to that effect. (*Id.*).

10.    On January 12, 2021, NYU's counsel responded suggesting that the parties memorialize their agreement by e-mail.  (*Id.*).

11.    On January 25, 2021, the plaintiffs' counsel agreed to do so, but in this e-mail, he purported to add a requirement that NYU waive defenses to personal jurisdiction as part of the parties' agreement, which NYU declined to do.  (*Id.*).

12.    On January 28, 2021, the plaintiffs' counsel's Assistant Office Manager e-mailed counsel for NYU both an affidavit of service and an affidavit of attempted service.  (Gordon Decl. Ex. 4).  Inexplicably, even though NYU's counsel had agreed – numerous times – to accept service of process contingent upon an agreed-upon response date, the affidavit of attempted service asserted that the plaintiffs' counsel attempted personal service on NYU on January 20, 2021 – thirteen days after the plaintiffs' counsel agreed to NYU's proposal that it would accept

service subject to reaching a mutually-agreed upon date for NYU to answer, move, or otherwise respond and five days before the plaintiffs' counsel's January 25, 2021 e-mail responding to NYU's e-mail trying to reach an agreement on service. (Gordon Decl. Exs. 3, 4). The affidavit of attempted service affirms that personal service was not effected. (*See* Gordon Decl. Ex. 4).

13.     The affidavit of service is unclear as to when the plaintiffs' counsel's Assistant Office Manager asserts service was properly made. It asserts that, on January 20, an unnamed, unspecified security officer – who is not authorized to speak for NYU nor to make legal determinations on its behalf – informed the process server that if he sent process by e-mail to NYU that NYU would accept it. (Gordon Decl. Ex. 4). Leaving aside whether or not that assertion is true, obviously an unnamed security officer's statement cannot override both the mandates of the CPLR and NYU's counsel of record's legal position, previously directly conveyed to plaintiffs' counsel, that NYU had not accepted service and e-mail service was legally ineffective. Subsequent to January 20, 2021, the plaintiffs' counsel did not send process by e-mail to NYU and NYU has not accepted any e-mail service. (Gordon Decl., ¶ 8).

14.     On February 2, 2021, NYU's counsel again e-mailed the plaintiffs' counsel, seeking clarity on precisely when they assert service was properly made, informing them that NYU's position remained that it had not yet been properly served, and reiterating that NYU is willing to accept service by e-mail in exchange for a stipulated date for NYU's response to the Complaint. (Gordon Decl. Ex. 5). This afternoon, the plaintiffs' counsel responded with a proposed stipulation suggesting that the parties agree that NYU's date to answer, move, or otherwise respond be set at April 2, 2021 but not explaining why they believe service was proper, or when they claim it was effective. (Gordon Decl., ¶ 9; Gordon Decl. Ex. 6).

15.     As a result, as of today, NYU has not been properly served in the State Court Action. Without waiving and expressly reserving all of its rights or defenses, NYU intends to

seek leave to answer, move, or otherwise respond to the Complaint within 60 days of the date of this Notice.

16.     NYU has not made an appearance in the State Court Action, and there has been no other process, pleading, or order in the State Court Action.  (*See* Ex. A)*.*

## THIS COURT HAS ORIGINAL JURISDICTION UNDER CAFA.

17.     This Court has original jurisdiction over the State Court Action under CAFA, and its removal is permitted under 28 U.S.C. §§ 1441(a) and 1453.  Under CAFA, a district court shall have original jurisdiction over any civil action styled as a class action in which: (1) the number of members of the proposed class is not less than one hundred, in the aggregate; (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(5).  If a state court putative class action meets all three requirements, the matter may be removed to federal court.  *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]").  Moreover, CAFA's "provisions should be read broadly, with a *strong preference* that interstate class actions should be heard in a federal court if properly removed by any defendant."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (quoting S. Rep. No. 109-14, p. 43 (2005)) (emphasis added).

18.     As set forth below, all three CAFA jurisdictional requirements are met here.

**A.     The Proposed Class Exceeds 100 Members.**

19.     The plaintiffs seek to certify a class defined as all those "who were graduate students at the NYU Stern School of [B]usiness, EMBA Program, and paid NYU Spring and Summer Semester 2020 tuition and/or fees for in-person educational services, food, room, board and housing . . . and whose tuition and fees have not been fully refunded."  (Ex. A, Compl.,

¶ 31).  They further allege that they "reasonably estimate[] that there are hundreds of members in the Class and Subclass."  (*Id.* ¶ 36).

20.    NYU's EMBA program had 340 students enrolled during the Spring 2020 semester, and 327 students enrolled in NYU's EMBA program during the Summer 2020 semester.  (February 1, 2020 Declaration of Robert Salomon, ¶ 4, attached hereto as **Exhibit C**).

21.    While NYU reserves all rights including to challenge the viability of the claims asserted and the ability to certify the putative classes, as pled, there are more than 300 members in the putative class, which satisfies this CAFA requirement.  *See, e.g.*, *Musiello v. CBS Corp.*, 2020 WL 3034793, at *2 (S.D.N.Y. June 5, 2020) (CAFA numerosity requirement was satisfied where plaintiff's "complaint [was] fairly read as asserting class claims on behalf of all of defendants' female employees" and defendants proffered that "based on human resources records, they employed upwards of 400 'female employees' in their New York City offices during the period covered").

### B.    Minimal Diversity of Citizenship Exists.

22.    CAFA "requires only minimal diversity of the parties, which occurs when . . . 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58-59 (2d Cir. 2006) (quoting 28 U.S.C. § 1332(d)(2)(A)).

23.    Here, NYU is a non-profit university whose principal place of business is in New York.  (*See* Ex. A, Compl., ¶ 10). The Complaint alleges that named plaintiffs Mu-I "Karen" Kuo, Jenold Freeman, Rajveer Sachdev, and Andrew Wolff "were residents of the State, City and County of New York."  (Ex. A, Compl., ¶ 8).  It does not allege plaintiff Peihu Wang's place of citizenship.  (*See id.*).

24.     Although Mr. Wang improperly chose not disclose the state in which he is a citizen in the Complaint, the information he provided to NYU establishes that Mr. Wang is a citizen of Massachusetts.  (Ex. C, Salomon Decl., ¶ 7).

25.     Similarly, notwithstanding Mr. Sachdev's allegation about his residence in the Complaint, the information he provided to NYU establishes that Mr. Sachdev is a citizen of New Jersey.  (Ex. C, Salomon Decl., ¶ 7).

26.     Moreover, based on the information provided to NYU by the members of the putative class, 181 of the 340 students enrolled in the EMBA program during the Spring 2020 semester and 177 of the 327 students enrolled in the EMBA program during the Summer 2020 semester were citizens of states other than New York.  (Ex. C, Salomon Decl., ¶ 6).

27.     To the extent any of the named plaintiffs or putative class members claim to be citizens of New York by virtue of attending school in New York, their contention fails.  *See Hakkila v. Consol. Edison Co. of N.Y., Inc.*, 745 F. Supp. 988, 990 (S.D.N.Y. 1990) (third-year student at NYU not a resident of New York for purposes of diversity jurisdiction; "It is well established that domicile is not synonymous with residence . . . Courts have consistently recognized that out-of-state college students are temporary residents and not domiciliaries of the states in which they attend college, because residence at college is chosen primarily for the short-term purpose of pursuing an education"); 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3619 (3d ed. Oct. 2020) ("[T]he principle has been well established that [out-of-state students] have been presumed to lack the intention to remain in the state indefinitely that is required for the acquisition of a new domicile and to retain their prior, established domiciles while attending school.").

28.     Because NYU is a citizen of New York and over half of the putative class (including two named plaintiffs) are citizens of states or countries other than New York, CAFA's minimal diversity requirement is satisfied here.  28 U.S.C. § 1332(d)(2)(A).

29.     CAFA's "home state" and "local controversy" exceptions are not applicable here. Under the "home state" exception, "a court must decline to exercise jurisdiction in cases where 'two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.'"  *Henry v. Warner Music Grp. Corp.*, 2014 WL 1224575, at \*4 (S.D.N.Y. Mar. 24, 2014) (quoting 28 U.S.C. § 1332(d)(4)(B)).  The 159 New York citizens enrolled in the EMBA program during the Spring 2020 semester constitute only approximately 47 percent of the 340 total student enrollment during that semester, and the 150 New York citizens enrolled in the EMBA program during the Summer 2020 semester constitute only approximately 46 percent of the 327 total student enrollment during that semester – well below the required two-thirds threshold.  *See id.* at \*5 (denying motion to remand where "residency records maintained by Defendants and submitted in connection with their notice of removal" showed "at least 45% of the putative class members were citizens of states other than New York").  The "local controversy" exception similarly requires a plaintiff to show that "more than two-thirds of the putative class members are citizens of the state in which the action was filed," thus it too is inapplicable.  *Id.* at \*4; *see also* 28 U.S.C. § 1332(d)(4)(A).

30.     Moreover, the "local controversy" exception only applies where "during the 3-year period preceding the filing of th[e] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons."  28 U.S.C. § 1332(d)(4)(A)(ii).  Here, four other putative class actions have been filed against NYU in the Southern District of New York during the past year seeking a

refund of tuition and fees as a result of the transition to remote instruction due to the Covid-19 pandemic and each proposed putative class purports to include EMBA students. *See Rynasko v. New York Univ.*, No. 1:20-cv-3250-GBD (S.D.N.Y., filed Apr. 24, 2020); *Zagoria v. New York Univ.*, No. 1:20-cv-3610-GBD (S.D.N.Y., filed May 8, 2020); *Morales v. New York Univ.*, No. 1:20-cv-4418-GBD (S.D.N.Y., filed Jun. 9, 2020); and *Romankow v. New York Univ.*, No. 1:20-cv-04616-GBD (S.D.N.Y., filed Jun. 16, 2020). These cases are currently before the Honorable Judge George B. Daniels in the United States District Court for the Southern District of New York, and NYU seeks to relate this case to those other pending matters before Judge Daniels.

**C.     The Alleged Amount in Controversy Exceeds $5 Million.**

31.     "To satisfy CAFA's amount-in-controversy requirement, a removing defendant 'must show that it appears 'to a reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million.'" *Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 250 (S.D.N.Y. 2013) (quoting *Blockbuster, Inc.*, 472 F.3d at 58). "In determining whether the removing defendant has met this burden, courts 'look first to the plaintiffs' complaint and then to [the defendant's] petition for removal.'" *Id.* (alteration in original) (citation omitted). If the complaint is "inconclusive as to the amount in controversy," the Court "may look outside those pleadings to other evidence in the record." *Id.* (citation and internal quotation marks omitted); *see also Henry*, 2014 WL 1224575, at *3 (considering allegations in complaint in conjunction with declaration from defendant to find amount-in-controversy requirement met). Moreover, a court may extrapolate or draw inferences to determine whether the aggregate damages meet the $5 million threshold. *See*, *e.g.*, *id.* ("Multiplying the number of putative class members (2,800) times the average hourly work week (30) times the average hourly minimum wage ($7.15 or $7.25 per hour) yields a figure that exceeds $6 million – an amount well above CAFA's jurisdictional minimum.").

32.     The plaintiffs here seek the "disgorgement of the pro rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020, Summer Semester 2020 and continuing when classes moved online, and campus services ceased being provided." (Ex. A, Compl., ¶ 7). The plaintiffs allege that the "[a]pproximate tuition costs at NYU for the Spring and Summer Semester 2020" for each student in the EMBA program was $50,000. (*Id.* ¶ 20). The Complaint does not specify the specific amount of tuition or fees the plaintiffs seek to recover.

33.     While NYU adamantly denies that it owed any amount to students for the Spring or Summer 2020 semesters, based on the plaintiffs' allegations, which NYU is assuming to be true solely for purposes of this notice, the total amount of tuition at issue for each member of the putative class is $50,000. Extrapolated out to the total 340 students enrolled during the Spring 2020 semester, the total amount of tuition potentially at issue is $17,000,000. Assuming the plaintiffs seek the return of a pro rata portion of 50% of their tuition for "educational services, facilities, access and/or opportunities" that NYU allegedly failed to provide (Ex. A, Compl., ¶ 25; *see id.* ¶ 29), the total damages sought would be $8,500,000, plus an unspecified amount for fees charged by NYU.

34.     As a result, the Complaint seeks damages above the jurisdictional requirement of $5 million. *See* 28 U.S.C. §§ 1332(d)(2).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

35.     All process, pleadings, and orders received by NYU in the State Court Action, consisting of the Summons and Complaint and purported Affidavit of Service and Affidavit of Attempted Service, are annexed here as **Exhibit A**.

36.     This notice is properly filed in the United States District Court for the Southern District of New York.  The Supreme Court of New York for the County of New York is located within the Southern District of New York.  Venue for removal is therefore proper because this is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 112(b).

37.     This notice is timely because it is being filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  As the United States Supreme Court and Second Circuit have made clear, "the commencement of the removal period c[an] only be triggered by formal service of process." *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 202 (2d Cir.2001) (citing *Murphy Bros., Inc..*, 526 U.S. at 349-356344); *accord Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 65 (2d Cir. 2012) (agreeing with "the Supreme Court's holding in *Murphy Bros., Inc.* . . . that the thirty-day removal period begins upon formal service of process").

38.     NYU agreed to accept service of the Summons and Complaint by e-mail on January 5, 2021 subject to the parties agreeing upon a response date.  As this notice is being filed within 30 days of January 5, 2021, it is timely under 28 U.S.C. § 1446(b)(1).

39.     Because NYU is the sole defendant in this action, no other defendant is required to consent to this removal.

40.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the plaintiffs and a copy, along with a Notice to Clerk of Removal, is being filed with the Clerk of the Supreme Court of New York, New York County.

## RESERVATION OF RIGHTS

41.    This Notice of Removal is filed subject to and with full reservation of all rights and defenses under federal or state law, including but not limited to defenses and objections to forum, venue, improper service, and personal jurisdiction.  No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case.  Nothing in this Notice of Removal should be taken as an admission that the plaintiffs' allegations are sufficient to state a claim for relief or have any merit, or that the plaintiffs or putative class members are entitled to or otherwise may recover any of the amounts described above.

**WHEREFORE**, NYU respectfully requests that the above action, now pending before the Supreme Court of the State of New York, County of New York, be removed to the United States District Court for the Southern District of New York, and that no further proceedings be had in this case in the Supreme Court of New York, County of New York.

Dated: New York, New York
       February 4, 2021                    Respectfully submitted,

                                           **DLA PIPER LLP (US)**

                                           _____/s/ Keara M. Gordon_____
                                           Brian S. Kaplan
                                           Keara M. Gordon
                                           Colleen Carey Gulliver
                                           Rachael C. Kessler
                                           1251 Avenue of the Americas
                                           New York, New York 10020-1104
                                           Phone: (212) 335-4500
                                           Facsimile: (212) 335-4501
                                           brian.kaplan@us.dlapiper.com
                                           keara.gordon@us.dlapiper.com
                                           colleen.gulliver@us.dlapiper.com
                                           rachael.kessler@us.dlapiper.com

                                           *Attorneys for Defendant New York University*