# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X

JEROLD FREEMAN, KAREN KUO,
RAJVEER SACHDEV, PEIHU WANG
and ANDREW WOLFF, on their own
behalf, and on behalf of those similarly situated,

        Plaintiffs,

        -against -

NEW YORK UNIVERSITY.

        Defendant.
---------------------------------------------------------------X

Index No:

Date Purchased:

**SUMMONS**

Plaintiffs designate **NEW YORK COUNTY** as place of trial

Basis of venue: Plaintiffs' residence

To the above-named Defendant:

    **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
      December 14, 2020

                  Yours, etc.,

                  **HELD & HINES, L.L.P.**

                  MARC J. HELD, ESQ.
                  *Attorneys for Plaintiffs*
                  370 Lexington Avenue, Suite 800
                  New York, New York 11977
                  (212) 696-4529

Defendant's Addresses:

NEW YORK UNIVERSITY
70 Washington Square South
New York, New York 10012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
JEROLD FREEMAN, KAREN KUO,                                    Index No.
RAJVEER SACHDEV, PEIHU WANG
and ANDREW WOLFF, on their own
behalf, and on behalf of those similarly situated,            **VERIFIED COMPLAINT**

                                          Plaintiffs,

    -against-


   NEW YORK UNIVERSITY,

                                          Defendant.
-------------------------------------------------------------------X

       Plaintiffs JEROLD FREEMAN, KAREN KUO, RAJVEER SACHDEV, PEIHU WANG

and ANDREW WOLFF ("Plaintiff" or "Plaintiffs") brings this action on behalf of herself and all

others similarly situated against Defendant New York University ("NYU" or "Defendant").

Plaintiffs make the following allegations pursuant to the investigation of her counsel and based

upon information and belief, except as to the allegations specifically pertaining to herself, which

are based on personal knowledge.

### NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1.     This is a class action lawsuit on behalf of all students who paid tuition and fees for the

Spring 2020 academic semester at NYU Leonard N. Stern of Business, Executive MBA Program

("Students") and who, because of Defendant's response to the Novel Coronavirus Disease 2019

("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services

or which their fees were paid, without having their tuition and fees fully refunded to them.

2.     NYU is one of the country's most preeminent universities with an enrollment of over

50,000 students, of which 25,000 are graduate students. The university offers programs for

undergraduate students, as well as a number of graduate programs including law, medicine, and business.

3.      On or about March 13, 2020, NYU, through a news release, announced that because of the global COVID-19 pandemic, all classes would be suspended for several weeks. Students were discouraged from contacting their professors during this time. The announcement also informed students that following the closure, classes would be held remotely through online formats.

4.      NYU EMBA has not held any in-person classes since March 7, 2020. Classes that have continued have only been offered in an online format, with no in-person instruction.

5.      As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, room, board, food, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for. The online learning options being offered to NYU students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. The remote learning options are in no way the equivalent of the in-person education that Plaintiffs and the putative class members contracted and paid for.

6.      Plaintiffs and the putative class are therefore entitled to a full refund of tuition, and fees for in-person educational services, resources, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it did not and is not providing.

7.      Plaintiffs seek, for themselves and Class members, Defendant's disgorgement of the pro rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020, Summer Semester 2020 and continuing when classes moved online, and campus services ceased being provided. Plaintiffs seek a return of these amounts on behalf of themselves

and the Class as defined below.

## PARTIES

8.      Plaintiffs Karen Kuo ("Kuo"), Jerold Freeman ("Freeman"), Rajveer Sachdev ("Sachdev") and Andrew Wolff ("Wolff") were residents of the State, City and County of New York.

9.      Plaintiffs were graduate students at NYU pursuing an Executive Master's Degree in Business ("EMBA"). The Business program at NYU relies extensively on in-person instruction, meaningful student presentations, global studies tour, networking events, peer feedback, and access to facilities. None of these resources are available to Plaintiff while in-person classes are suspended.  Plaintiff paid approximately $50,000 in tuition and fees to Defendant for the Spring 2020 semester.  Plaintiff has not been provided a refund of any tuition monies paid for Spring 2020 semester, despite the fact that in-person classes have not been held since March 13, 2020. Plaintiff has not been provided a pro rata refund of any these fees, despite the fact that all students were required to leave campus no later than March 22, 2020. Some class members were given a "meal and accommodations" credit of $2140 towards the approximately $50,000 cost for tuition and fees for the following semester.

10.     Defendant NYU University is a private institution of higher education with its principal place of business at 70 Washington Square South, New York, New York in the State, County and City of New York.

## JURISDICTION AND VENUE

11.     The Court has jurisdiction over this action as the parties reside and/or do business in the State, City and County of New York.

12.     Venue is proper in New York county pursuant to CPLR §503(a) because at least one plaintiff and the putative class members reside in this county, the defendant operates its business

Case 1:21-cv-01029   Document 1-1   Filed 02/04/21   Page 6 of 21

in this county, the contracts between the plaintiffs and putative class and defendant were entered into in this county, and a substantial part of the events or omissions giving rise to the claims occurred within this county.

13.     This Court has personal jurisdiction over defendant because defendant maintains its principal place of business in the State, County and City of New York.

14.     At all times hereinafter mentioned, the damages caused by the defendant to the plaintiffs and putative class occurred in the state, city, and county of New York.

## FACTUAL ALLEGATIONS

### *Plaintiffs and Class Members Paid Tuition and Fees for Spring and Summer Semester 2020*

15.     Plaintiffs and Class members in the NYU Stern School of Business, Executive MBA ("EMBA") Program, who are individuals who paid the cost of tuition and other mandatory fees for the Spring and Summer 2020 Semesters at NYU.

16.     Spring Semester 2020 classes at NYU began on or about January 10, 2020 and concluded on or around May 2, 2020.

17.     Summer Semester 2020 classes at NYU began on or about May 15, 2020 and concluded on or around July 11, 2020.

18.     Plaintiffs and Class members paid the cost of tuition for the Spring and Summer Semester 2020.

20. Approximate tuition costs at NYU for the Spring and Summer Semester 2020 are as follows:

- EMBA $50,000

21. Fees paid by or on behalf of NYU EMBA graduate students vary slightly based on program of study.

22. The tuition and fees described in the paragraphs above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

**In Response To COVID-19, NYU Closed Campuses and Cancelled All In-Person Classes**

23. On or about March 16, 2020, NYU, through a news release, announced that because of the global COVID-19 pandemic, all in-person classes would be suspended effective immediately. Students were required to leave the NYU campus no later than March 22, 2020. The announcement also informed students that classes would be held remotely through online formats. Online classes began between March 7, 2020 and April 3, 2020.

24. Since March 7, 2020, NYU has not held any in-person classes for the plaintiffs and the purported class members. The closure of NYU's campuses has been extended through the end of Summer Semester 2020 and continuing. Classes that have continued have only been offered in an online format, with no in-person instruction. Even classes for students with concentrations in areas where in-person instruction is especially crucial have only had access to minimum online education options.

25. As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiffs and the putative class contracted and paid for. Plaintiffs and the putative class are therefore entitled to a full refund of all tuition, room, board, food and fees for services, facilities, access and/or opportunities that Defendant has not

provided. Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

26. Plaintiffs and members of the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

27. Defendant markets the NYU on-campus experience as a benefit of enrollment.

28. The online learning options being offered to NYU EMBA graduate students are subpar in practically every aspect and a shadow of what they once were, from the lack of facilities, materials, and access to faculty. Students have been damaged as they were deprived of the opportunity for collaborative learning and in-person dialogue, feedback, networking, trips, food and critique. Students have been damaged as there has been no interaction between students, peers, mentors and colleagues.

29. The students have been damaged as they have received an inferior and un-equitable education. The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for. The inferior education has also caused the students to fall behind academically and created a disparity in their educational progress. The remote learning also led to lack of accountability, support, guidance and oversight of the students. The remote education provided was not even remotely worth the amount charged class members for Spring and Summer Semester 2020 tuition. Tuition was approximately $50,000 per student for the Spring and Summer Semester. The tuition and fees for in-person instruction at NYU are higher than tuition and fees for other online institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

•       Face to face interaction with professors, mentors, and peers;

Case 1:21-cv-01029 Document 1-1 Filed 02/04/21 Page 9 of 21

- Access to school facilities such as libraries, laboratories, computer labs, classrooms and study room;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation;

- Networking and mentorship opportunities.

30. Through this lawsuit Plaintiffs seek, for themselves and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees proportionate to the amount of time that remained in the Spring and Summer Semester 2020 when classes moved online, and campus services ceased being provided. Plaintiffs seek return of these amounts on behalf of themselves and the Class as defined below.

## CLASS ALLEGATIONS

31. Plaintiffs seek to represent a class defined as all people who were graduate students at the NYU Stern School of business, EMBA Program, and paid NYU Spring and Summer Semester 2020 tuition and/or fees for in-person educational services, food, room, board and housing that NYU failed to provide, and whose tuition and fees have not been fully refunded (the "Class"). Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns,

Case 1:21-cv-01029 Document 1-1 Filed 02/04/21 Page 10 of 21

or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

32. Plaintiff Kuo also seeks to represent a subclass consisting of Class members who were in Class A20 (the "Subclass").

33. Plaintiff Sachdev also seeks to represent a subclass consisting of Class members who were in Class A21 (the "Subclass").

34. Plaintiff Freeman also seeks to represent a subclass consisting of Class members who were in Class DC21 (the "Subclass").

35. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

36. Numerosity. The members of the Class and Subclass are geographically dispersed throughout the United States and overseas and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiffs reasonably estimates that there are hundreds of members in the Class and Subclass. Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

37. Existence and predominance of common questions of law and fact. Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a)     whether Defendant accepted money from Class and Subclass members in exchange for the promise to provide services;

(b)     whether Defendant has provided the services for which Class and Subclass members contracted; and

(c)     whether Class and Subclass members are entitled to a refund for that portion of the tuition, room, board, food and fees that was contracted for services that Defendant did not provide.

(d)     whether Defendant has unlawfully converted money from Plaintiff, the Class and Subclass; and

(e)     whether Defendant is liable to Plaintiffs, the Class, and Subclass for unjust enrichment.

38. **Typicality.**  Plaintiffs' claims are typical of the claims of the other members of the Class in that, among other things, all Class and Subclass members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein. Further, there are no defenses available to Defendants that are unique to Plaintiff.

39. **Adequacy of Representation**. Plaintiffs will fairly and adequately protect the interests of the Class and Subclass. Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass. Furthermore, Plaintiffs have no interests that are antagonistic to those of the Class or Subclass.

40. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class and Subclass members are relatively small compared to the burden and expense of

individual litigation of their claims against Defendant. It would, thus, be virtually impossible for the Class or Subclass on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class or Subclass members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

41. In the alternative, the Class and Subclass may also be certified because:

(a) the prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### Breach of Contract
### (On Behalf of The Class and Subclass)

42. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

43. Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendants.

44. Through the admission agreement and payment of tuition and fees, Plaintiffs and each member of the Class and Subclass entered into a binding contract with Defendant.

45. As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above. Plaintiffs, Class, and Subclass members fulfilled their end of the bargain when they paid monies due for Spring and Summer Semester 2020 tuition. Tuition for Spring and Summer Semester 2020 was intended to cover in-person educational services, room, board, food, fees, etc. from January through July 2020. In exchange for tuition monies paid, Class and Subclass members were entitled to in-person educational services, room, board, food, use of facilities, school resources, in-person networking, etc. through the end of the Spring Semester.

46. Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above. Defendant has retained monies paid by Plaintiffs and the Class for their Spring and Summer Semester 2020 tuition, food, trips and fees, without providing them the benefit of their bargain.

47. Plaintiffs and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the

education, experience, resources and services to which they were promised and for which they have already paid.

48. Plaintiffs and members of the Class and Subclass have also suffered financial damage for paying for services, resources and an education it did not receive.

49. As a direct and proximate result of Defendant's breach, Plaintiffs, the Class, and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but no be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver. Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since NYU shut down on March 13, 2020.

50. Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not provided. Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

**COUNT II**
**Unjust Enrichment**
**(On Behalf of The Class and Subclass)**

51. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

52. Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendant.

53. Plaintiffs and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Spring and Summer Semester 2020 tuition and other fees in exchange for certain service and promises. Tuition for Spring Semester and Summer 2020 was intended to

cover in-person educational services from January through July 2020. In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring and Summer Semester.

54. Defendant voluntarily accepted and retained this benefit by accepting payment.

55. Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, resources and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances. Accordingly, Defendant should return the pro-rated portion of any Spring and Summer Semester 2020 tuition and fees for education services not provided since NYU shut down on March 13, 2020.

56. It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

### COUNT III
### Conversion
### (On Behalf of The Class and Subclass)

56. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

57. Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendant.

58. Plaintiffs and members of the Class and Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

59. Defendant intentionally interfered with the rights of Plaintiffs, the Class, and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

60. Plaintiffs and members of the Class and Subclass demand the return of the pro- rated portion of any Spring and Summer Semester 2020 tuition and fees for education services not provided since NYU shut down on March 13, 2020.

61. Defendant's retention of the fees paid by Plaintiffs and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiff, Class and Subclass members of the benefits for which the tuition and fees paid.

62. This interference with the services for which Plaintiffs and members of the Class and Subclass paid damaged Plaintiffs and Class members in that they paid tuition and fees for services that will not be provided.

63. Plaintiffs, Class and Subclass members are entitled to the return of pro-rated portion of any Spring and Summer Semester 2020 tuition, food, housing, trips and fees for education services not provided since NYU shut down on March 13, 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass;

(b) For an order finding in favor of Plaintiffs and the Class and Subclass on all counts asserted herein;

(c) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For injunctive relief as pleaded or as the Court may deem proper; and

(g)     For an order awarding Plaintiffs and the Class and Subclass her reasonable attorneys' fees and expenses and costs of suit.

Dated: December 14, 2020

Respectfully submitted,

MARC J. HELD ESQ.
Held & Hines, LLP
Attorneys for Plaintiffs
370 Lexington Avenue
Suite 800
New York, New York 10017
(212) 696-4529
mheld@heldhines.com

## ATTORNEY VERIFICATION

MARC HELD, an attorney duly licensed to practice in the courts of the State of New York, hereby affirms the following under penalties of perjury:

That I am a member of the law firm of HELD & HINES, L.L.P., attorneys for the Plaintiffs in the within action; that I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; and that the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true. The reason this Verification is made by me and not by the plaintiff is that said plaintiff resides outside or is not currently inside the County in which the Affirmant's office is located.

The grounds of my belief as to all matters stated upon my own knowledge are as follows: the records, reports, contracts, and documents contained in the plaintiff's file.

MARC HELD, ESQ.

Affirmed to December 14, 2020

Case 1:21-cv-01029 Document 1-1 Filed 02/04/21 Page 19 of 21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X
JEROLD FREEMAN, KAREN KUO,
RAJVEER SACHDEV, PEIHU WANG                                    Index No.
and ANDREW WOLFF, on their own
behalf, and on behalf of those similarly situated,

                                    Plaintiff,

        -against-

NEW YORK UNIVERSITY,

                                    Defendants.
--------------------------------------------------------------------X


## SUMMONS AND VERIFIED COMPLAINT


**HELD & HINES, LLP**
**Attorneys for Plaintiff**
**Office & Post Office Address**
**2004 Ralph Avenue**
**Brooklyn, New York 11234**
**(718) 531-9700**


Signature (Rule 130-1.1-a)


MARC HELD, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
JEROLD FREEMAN, KAREN KUO, RAJVEER
SACHDEV, PEIHU WANG AND ANDREW WOLFF,
on their own behalf, and on behalf of those similarly
situated,

                                                  Index No.: 160861/2020

                Plaintiffs,

                                               **AFFIDAVIT OF
                                               SERVICE**

        -against-

NEW YORK UNIVERSITY,

                Defendants.
------------------------------------------------------------------------X

*State of New York*
                } *ss.:*
*County of Brooklyn*

        I, **DAVID SQUEO**, having been duly sworn, deposes and says under penalty of perjury:

        I am over 18 years of age and not a party to this action. I am an employee of the firm of **HELD & HINES, L.L.P.,** and my business address is 2004 Ralph Avenue, Brooklyn, New York 11234.

        On December 15, 2020, at approximately 4:43 p.m. I served the Summons & Verified Complaint upon defendant New York University by sending an electronic mail to said defendant to ogcrecordsrequest@nyu.edu, the email address designated by said defendant to accept service during the COVID-19 pandemic, this was confirmed by "John Doe" security officer when personal service was then attempted on January 20, 2021. Said officer advised that the office that accepts legal process is operating remotely due to the COVID-19 pandemic and any process is to be emailed to ogcrecordsrequest@nyu.edu and will be accepted. A follow up email was also sent on January 4, 2021 at approximately 5:21 PM.

Dated: Brooklyn, New York
       January 28, 2021

                                                   **DAVID SQUEO**

Sworn to before me this
28th day of January 2021

**NOTARY PUBLIC**

                     Edward S. Miller
              **Notary** Public, State of New York
                  No. 02MI4787199
              Qualified in Nassau County
             Commission Expires May 31 2023

Form 09 - AFFIDAVIT OF ATTEMPTED SERVICE



P4172722

**HELD & HINES, LLP**     HELD & HINES, LLP
SUPREME COURT NEW YORK COUNTY STATE OF NEW YORK

JEROLD FREEMAN, ETAL                                                index No. **160861/2020**

                                                    PLAINTIFF        Date Filed
                              - vs -                                 Office No.
NEW YORK UNIVERSITY                                                  Court Date.
                                                    DEFENDANT

        STATE OF **NEW YORK**, COUNTY OF **NEW YORK**     :SS:

**DONDRE DENNIS** being duly sworn, deposes and says; I am over 18 years of age, not a party to
this action, and reside in the State of New York.
**That on**
**01/20/2021, 12:43PM**

 deponent attempted to make personal service of a true copy of the **SUMMONS AND VERIFIED
COMPLAINT** in the above entitled action upon
**NEW YORK UNIVERSITY the DEFENDANT at**
**70 WASHINGTON SQUARE SOUTH**
**NEW YORK NY 10012**
and was unable to do so.

**DEPONENT ATTEMPTED TO SERVE THE DEFENDANT AT THE ADDRESS OF 70 WASHINGTON SQUARE SOUTH, , NEW
YORK, NY 10012 . DEPONENT WAS ADVISED EVERYONE IS WORKING FROM HOME DUE TO THE PANDEMIC.
DEPONENT WAS PROVIDED WITH AN EMAIL TO SEND DOCUMENTS TO, OGCRECORDSREQUEST@NYU.EDU.**

Sworn to before me this
28TH day of JANUARY, 2021

                                        DONDRE DENNIS 2082379
                                        PM Legal, LLC
SELENA INES ADAMES                      75 MAIDEN LANE 11TH FLOOR
Notary Public, State of New York        NEW YORK, NY 10038
No. 01AD6365042                         Reference No: 3-HHLLP-4172722
Qualified in NEW YORK COUNTY
Commission Expires 09/25/2021

2a

1 of 1