**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEROLD FREEMAN, KAREN KUO, RAJVEER                  :
SACHDEV, PEIHU WANG, and ANDREW WOLFF, *on*:
*their own behalf and on behalf of those similarly situated,*:
                                                    :
                         Plaintiffs,                :
                                                    :
          -against-                                 :        MEMORANDUM DECISION
                                                    :             AND ORDER
                                                    :
NEW YORK UNIVERSITY,                                :
                                                    :        21 Civ. 01029 (GBD)
                         Defendant.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

This is another putative class action in which students at New York University have sued

the university for breach of contract, unjust enrichment, and conversion over its decision to

suspend in-person academic instruction in response to the COVID-19 pandemic. Defendant NYU

moved to dismiss Plaintiffs' Complaint. Because the Complaint suffers from the same deficiencies

as those in *Zagoria v. New York University*, No. 20-cv-3610 (GBD), 2021 WL 1026511 (S.D.N.Y

Mar. 17, 2021), and similar cases, the Court reaches the same conclusion and GRANTS

Defendant's motion to dismiss the Complaint in its entirety.[1]

## I.  FACTUAL BACKGROUND

The facts of this case are straightforward and resemble those presented in other similar

cases suing NYU. (Mem. of Law in Opp'n to Def.'s Mot. to Dismiss (the "Opposition"), ECF No.

21, at 26.)  Plaintiffs were enrolled at NYU, in the Stern School of Business, Executive MBA

Program, during the Spring and Summer 2020 academic semester. (Complaint, ECF No. 1-1, ¶¶

---

[1] The Court has assessed similar complaints in *Morales v. New York Univ.*, No. 20-cv-4418 (GBD), 2021 WL
1026165 (S.D.N.Y. Mar. 17, 2021) and *Romankow v. New York Univ.*, 20-cv-4616 (GBD), 2021 WL 1565616
(S.D.N.Y. Apr. 20, 2021).

15-17.)   On March 16, 2020, in response the COVD-19 global pandemic, NYU announced that "all in-person classes would be suspended effective immediately." (*Id.* ¶ 23.) Plaintiffs maintain that the suspension of in-person instruction resulted in Defendants not providing "the educational services, facilities, access and/or opportunities that Plaintiffs . . . contracted and paid for." (Compl. at ¶ 25.)

Because NYU continued to charge full tuition and fees for the Spring and Summer 2020 semester despite transitioning to online instruction, Plaintiffs now seek a pro-rated refund of "tuition and fees proportionate to the amount of time that remained in the Spring and Summer Semester 2020" once in person instruction ceased. (*Id.* ¶ 30.) Specifically, Plaintiffs bring claims for (1) breach of contract; (2) unjust enrichment; and (3) conversion.

NYU moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mot. to Dismiss, ECF No. 17.)

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully;" stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).  A court makes this assessment by striking any conclusory allegations and then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.  In deciding the 12(b)(6) motion, the court must also draw all reasonable

inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). However, there are instances in which it is appropriate to consider matters outside of the pleading. Courts can consider materials where the complaint "relies heavily upon its terms and effect, thereby rendering the document *integral* to the complaint" or "any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com*, Inc., 834 F.3d 220, 230 (2d Cir. 2016) (quotations omitted). If a court is to consider extraneous material that is considered "integral" to the complaint, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." (*Id.*) (quotations omitted).

## III.   PLAINTIFF'S CLAIMS ARE DISMISSED

The legal analysis and applicable substantive law in *Zagoria* applies with even more weight here in dismissing the Complaint.

### A.   The Court Can Consider the Additional Materials.

First, the Court can consider the additional facts asserted in the Plaintiffs' and Defendant's papers, such as additional websites, university handbooks, declarations, and disclaimer clauses in the NYU Bulletin, because they are integral to or referenced in the complaint. The declarations come from named Plaintiffs thus it is reasonable to believe these statements are incorporated in the Complaint by reference. Second, the other materials are integral and other courts, when reviewing similar claims, have considered such additional materials. *See Bergeron v. Rochester Inst. of Tech*, No. 20-CV-6283 (CJS), 2020 WL 7486682, at *6 (W.D.N.Y. Dec. 18, 2020).[2]

---

[2] The foregoing analysis of the Complaint includes these additional materials even when the Court does not specifically reference whether the facts are pleaded on the face of the Complaint.

3

## B. Plaintiffs Fail to Plead Facts Demonstrating a Contract.

Even when considering all additional facts, the Complaint completely fails to plead any specific promise by NYU to provide exclusively in-person instruction. After disregarding all conclusory statements, Plaintiffs' breach of contract claim is primarily based on vague references to materials that "market[] the NYU on-campus experience as a benefit of enrollment" and an "admission agreement." (Compl. ¶¶ 27, 44.) Such vague references are axiomatic of a failure to demonstrate any express language identifying a "specifically designates and discrete promise" of in-person classes. *Zagoria*, 2021 WL 1026511, at \*4; *see also Morales v. New York University*, No. 20-cv-4418 (GBD), 2021 WL 1026165, at \*1 (S.D.N.Y. Mar. 17, 2021) (dismissing a complaint for failure to demonstrate a specific promise based on *statements* made in NYU's course catalog and advertising materials, such as brochures and websites) (hereinafter "*Morales I*"); *Hassan v. Fordham University*, 2021 WL 293255, at \*5 (S.D.N.Y. Jan. 28, 2021) (dismissing breach of contract claim because "none of the[] statements [identified by the plaintiff]…constitutes a specific promise on Fordham's part to provide" in-person instruction).

Plaintiffs' rely on statements in NYU's Handbook, such as attendance and device policies, and facts asserted in declarations to support their vague references. (Opp.at 1, 3, 4 8, 9, 12.) These additional facts still fail to identify specific statements showing a promise to provide in-person instruction and do not save the complaint from the same fate as similar complaints before it. At best, they are pre-pandemic practices. *In re Columbia Tuition Refund Action*, No. 20-cv-3208 (JMF), 2021 WL 790638, at \*4 (S.D.N.Y. Feb. 26, 2021). And as Defendants note, NYU "expressively reserved the right to modify "course offerings, schedules, [and] activities," including the "elimination," "cancellation," "relocation," or "modification" of academic activities or programs. (Mem. of Law in Support of Def.'s Mot. to Dismiss, ECF No. 18 at 13.) Plaintiffs'

argument that such a disclaimer is unconscionable or unenforceable for any other reason is without merit. (Opp. at 13-14.) The disclaimer is on the first page of the NYU Bulletin, separated from any other language, broad, and stated prominently in the middle of the page, which makes it readily available for students. (Dec. of Keara M. Gordon, ECF No. 19-9, at 3.) Thus, Plaintiff has failed to plead an expressed or implied promise to provide exclusively in-person learning.[3]

A contract, implied or expressed, also cannot be predicated on the notion that a student has decided to pay "tuition and fees for in-person instruction at NYU" given the fact that they are "higher than tuition and fees for other online institutions." Such an arguments rest on the fact that such costs imply access to school buildings, facilities, and in-person interactions with professors.[4] (Compl. ¶ 29.) However, a university's references to buildings and instruction "does not imply a contractual entitlement to continued instruction in the same location and manner." *In re Columbia*, 2021 WL 790638, at *4 (stating that such references "merely memorialize the pre-pandemic practice" and are not a guarantee that these practices would continue indefinitely). This is especially true when a university has a conspicuous disclaimer in place expressly retaining its authority to "alter the method of academic instruction." *Zagoria*, 2021 WL 1026511, at *4.

The cases Plaintiffs rely on in arguing that Plaintiffs' desire to pay NYU's tuition rate and fees demonstrates a specific promise for in-person instruction are inapplicable because of several factual differences in those cases. In *Bergeron*, the students not only chose RIT, but then went on to choose RIT's in-person program over its separate online program—two mutually exclusive programs offered by the same institution with significantly different tuition rates. *Bergeron*, 2020

---

[3] Given that this Court finds that the Complaint is dismissed for a failure to plead an actionable contract, there is no need to determine whether bad faith is required nor whether Defendant's Deferral Policy also mitigates any potential breach of contract.

[4] In fact, plaintiffs admit that NYU refunded a "meal and accommodations credit of $2140" thus any remaining issues must not include such accommodations. (Compl. ¶ 9.)

WL 7486682, at \*1. NYU students simply chose NYU over other online institutions, not specific and exclusive online programs offered by NYU. As for *Flatscher v. Manhattan School of Music* and *Brittain v. Trustees of Columbia University*, the students in those cases were enrolled in programs that promised in-person services based on higher tuition rates which covered signed leases for studio spaces or requirements to complete an "in-person performance/examination" and attend a concert. 2021 WL 3077500, at \*6 (S.D.N.Y. July 20, 2021); 2021 WL 3539664, at \*6 (S.D.N.Y. Aug. 11, 2021) ("The allegations of the SAC and the materials which the SAC incorporates, including . . . the studio lease, meet the requisite level of 'certain specified services' to sustain a breach of contract action."). Here, Plaintiffs only point to vague marketing materials referencing buildings and facilities that most Universities with a campus provide.

It is also "unclear as to which fees Plaintiffs paid, which fees they may have had refunded, and which fees they allege should have been refunded but were not." *See Morales I* at \*2. There is no dispute that NYU refunded Plaintiffs fees for meal and accommodations. (Compl. ¶ 9.) These fees reasonably relate to services that NYU can only provide in-person. Plaintiffs fail to then discern any additional fees that would relate to exclusively in-on-campus experiences. Plaintiffs are ostensibly requesting "all...fees for services, facilities, access and/or opportunities that Defendant has not provided." Without describing more, this is simply "a conclusory allegation that the broad services described directly related to an on-campus experience," which "falls short of the specific statements necessary to reflect a promise to provide certain in-person services in exchange for students paying those fees." *Morales I* at \*2; *but cf. Hewitt v. Pratt Institute*, No. 20-CV-2007 (ERK) (SJB), 2021 WL 2779286, at \*4 (E.D.N.Y. July 2, 2021) (permitting claims related to fees to proceed because plaintiffs alleged that they paid fees for participation in ceramics,

sculpture, and printmaking courses, along with other technical arts programs and were told that the University would not charge such fees to students who chose to study remotely).

**C. Plaintiffs Fail to Plead Unjust Enrichment and Conversion.**

Plaintiffs' remaining unjust enrichment and conversions claim are dismissed for similar reasons identified in *Zagoria* and *Morales I*. As for the unjust enrichment claim, "New York law does not permit recovery on…unjust enrichment if the parties have a valid, enforceable contract that governs the same subject matter as the quasi-contract claim." *Zagoria*, WL 1026511 at 5. It is undisputed that a contract governs the student-university relationship; the dispute is regarding whether it includes a promise of in-person instruction. As for the conversion claim, there is a similar bar. While it is unclear as to what monies Defendant has retained that Plaintiffs assert result in conversion,[5] under New York law, a "cause of action for conversion cannot be predicated on a mere breach of contract." *Jeffers v. Am. Univ. of Antigua*, 125 A.D.3d 440, 443 (1st Dep't 2015). Here, Plaintiffs' conversion claim is premised on the same allegations as their breach of contract claim. Accordingly, the conversion claim is dismissed.

## IV.  CONCLUSION

Defendant's motion to dismiss, (ECF No. 34), is GRANTED. The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
       February 14, 2022

SO ORDERED.

*George B Daniels*
GEORGE B. DANIELS
United States District Judge

---

[5] Again, this court also takes notice that Plaintiffs admit they were repaid specific "meal and accommodation" fees.

7